O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBIE A. RODRIGUEZ,<br><br>              Plaintiff,<br><br>       vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>              Defendant. | CASE NO. CV 13-02332 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

On remand from the Appeals Council, the Administrative Law Judge found that Plaintiff Tobie A. Rodriguez had the severe impairment of remitting and relapsing multiple sclerosis [AR 841]. Nevertheless, she found that Plaintiff was not disabled, because he had the capacity to perform sedentary work, except that he had to avoid temperature extremes and could not work around unprotected heights or hazards [AR 846], and that there were sufficient jobs in the economy which Plaintiff could perform. [AR 849-50] In this Court, Plaintiff asserts several errors.

The first has to do with how the evidence is viewed. Vacating the first decision, the Appeals Council ordered the administrative law judge to use a medical expert and to obtain a consultative examination. The Administrative Law Judge complied with the latter directive and ignored the former, but the Appeals Council nevertheless denied the subsequent administrative appeal. While disturbing, the Administrative Law Judge's

failure to follow the Appeals Council's order is an internal matter for the agency; if the agency decided not to redress it, it is not the Court's responsibility to do so. The Court instead turns to the issues which *are* the Court's responsibility, beginning with the assessment of the evidence from the treating physicians, and the Administrative Law Judge's determination of Plaintiff's residual functional capacity.[1]

The only affirmative evidence supporting the residual functional capacity that the Administrative Law Judge found came from the consultative examination performed after the first administrative appeal. The consultant himself found nothing wrong with Plaintiff as a result of his examination. He acknowledged and accepted that a previously-conducted MRI and lab tests were consistent with a diagnosis of multiple sclerosis [AR 636], but he suggested no limitations on standing, walking, sitting, lifting or carrying, nor on postural or manipulative activities. [AR 636-37] The only limitation he suggested was that Plaintiff not be exposed to extreme heat temperatures, because such temperatures could exacerbate multiple sclerosis symptoms. [AR 637]

Does this lone opinion from the consultant stand as substantial evidence for the residual functional capacity identified by the Administrative Law Judge — that Plaintiff was "prophylactically limited to sedentary work." [AR 847]? It conflicts with other medical opinions in the record, including those of Plaintiff's treating physicians. Dr. Kazmi indicated far greater limitations, and also indicated that Plaintiff may have satisfied the criteria for meeting the Listing for multiple sclerosis. [AR 438-43] Dr. Smith's opinion was similar. [AR 474-79] Dr. Simon, a gastroenterologist, noted

---

[1] The Court notes, however, that the Administrative Law Judge not only did not follow the directive of the Appeals Council by failing to use a medical expert, but she also simply used the supplemental hearing as a way of supplementing her earlier decision, rather than addressing some of the issues identified by the Appeals Council. For example, the Appeals Council noted that, contrary to her finding, Dr. Kazmi did not find that Plaintiff essentially could perform light work [AR 116], yet the Administrative Law Judge persisted in saying so again in her decision after remand. [AR 843] In fact, the recitation of the medical evidence in the second opinion, for the period prior to the remand, was close to word-for-word the same as the recitation in the first opinion.

Plaintiff's multiple sclerosis, and also suggested much more significant limitations than found by the Administrative Law Judge. [AR 806-10]

In *Orn v. Astrue,* 495 F.3d 625 (9th Cir. 2007), the Court of Appeals described the interaction between an opinion from a consultant and an opinion from a treating physician:

> When an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her own conclusions, the conclusions of the examining physician are not "substantial evidence."

495 F.3d at 632. The Court went on to contrast that situation with the situation where the examining physician made his own independent findings, in which case the findings can stand as substantial evidence. The Court then explained that "[i]ndependent clinical findings can be either (1) diagnoses that differ from those offered by another physician and that are supported by substantial evidence . . . or (2) findings based on objective medical tests that the treating physician has not herself considered . . . ." *Id.* (citations omitted).

The consultant here did not make a different diagnosis; referring to previous MRI's and lab results, he concurred in the diagnosis of multiple sclerosis. He also did not order additional scans or lab tests, relying instead on those which had been provided to him. The closest he came to "objective medical tests" were the routine tests he performed as part of a physical examination, and it is true that there is no indication that any treating physician saw the results of those. As indicated, on the basis of those tests, he found that Plaintiff had virtually no limitations in functioning.

The Administrative Law Judge found that Plaintiff had relapsing and remitting multiple sclerosis; sometimes the symptoms waxed, sometimes they waned. Given this finding, then, the results of a single examination by a consultant cannot stand as substantial evidence, for they reveal only what took place on that date. ("[H]e has very limited

findings on physical examination today," wrote the consultant. [AR 636]) The consultant embraced the diagnosis of multiple sclerosis from the records, and if ever there was value to the notion of relying on a longitudinal relationship — the kind a treating physician enjoys with his patient, and one reason that opinions of treating physicians are given greater weight than opinions of consultants, *see*, *e.g.*, *Sprague v. Bowen* 812 F.2d 1226, 1230 (9th Cir. 1987) — it is with a disease that manifests itself differently over time. *Cf. Garrison v. Colvin* 759 F.3d 995, 1017 (9th Cir. 2014) ("As we have emphasized while discussing mental health issues, it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment.")

Other than the consultant's opinion, there was no evidence behind the Administrative Law Judge's finding that Plaintiff retained the residual functional capacity to perform sedentary jobs. The Administrative Law Judge did impose greater restrictions than the consultant recommended, of course, in that she limited Plaintiff to sedentary work, thus not adopting the consultant's view that Plaintiff had no limitations on lifting, carrying, and standing capacities. But the treating physicians imposed greater limitations than those found by the Administrative Law Judge. Dr. Kazmi, for example, indicated that Plaintiff could only sit for two hours out of an eight-hour day, and also indicated that Plaintiff would need frequent bathroom breaks. [AR 441-42] Dr. Kazmi also indicated that Plaintiff might need to be off work four times a month. [AR 443] Dr. Smith made similar statements. [AR 477] Dr. Simon, the gastroenterologist, also made similar findings. [AR 807] These were all physicians who saw Plaintiff more than on a single occasion, and could evaluate symptoms when they were waxing, not just when they were waning.

A treating physician's assessment is entitled to great weight, even in those circumstances where it is not entitled to controlling weight. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). The Administrative Law Judge discredited the opinions of all of the physicians who treated or examined Plaintiff, except for the lone consultant, post-remand, who imposed no limitations on Plaintiff's functioning other than to avoid

heat. These rejections were not based on specific and legitimate grounds. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

The Administrative Law Judge said that Dr. Smith did not include a significant narrative discussion concerning the clinical evidence on which he based his assessment, and that his assessment "conflicts with the weight of the functional capacity assessments of record." [AR 844] Dr. Smith's records, however, were available, even if he did not include a narrative discussion in filling out a questionnaire, and the "weight" of the functional assessments of record, with which Dr. Smith's assessment supposedly conflicted, is not specified either; as noted, the only inconsistency is with the single assessment by the consulting physician.

The Administrative Law Judge noted Dr. Kazmi's statement limiting Plaintiff's work based on his need to take frequent bathroom breaks [AR 843] as well as Dr. Simon's limitation to a restricted range of sedentary work due to insomnia, vomiting and urinary frequency. [AR 845] She rejected these, however, saying that there was no evidence of such symptoms [AR 845], and she rejected Plaintiff's statements to the same effect. [AR 848] One must wonder what evidence of urinary frequency or vomiting there might be, other than a patient's own word. In any event, the record does contain a doctor's note of the need to refer Plaintiff to a urologist [AR 509], and evidence of Plaintiff's vomiting. [AR 805-06, 810]

There was also evidence of these facts not only from Plaintiff, but also from lay witnesses. Both his wife and mother testified to these symptoms, as well as others. Lay testimony, of course, is competent evidence, and cannot be disregarded without comment. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). If the administrative law judge rejects the lay evidence, he must give reasons that are germane to each witness, and the reasons must be specific. *Bruce v. Astrue,* 557 F.3d 1113, 1115 (9th Cir. 2009). The Administrative Law Judge noted the testimony of Plaintiff's wife [AR 846] and mother [AR 847], and lumped them together. [*Id.*] The Administrative Law Judge said that there was no support in the record for the allegations at the hearing that Plaintiff must spend

1 large amounts of time in the bathroom, but both Plaintiff's wife and his mother testified to
2 just these facts. This is evidence, not just "allegations," *see Dodrill v. Shalala*, 12 F.3d
3 915, 919 (9th Cir. 1993), and testimony cannot be rejected just because it comes from a
4 family member. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

The doctors who provided care to Plaintiff said that his medical condition prevented him from doing the things necessary to work. The people who observed Plaintiff on a daily basis, and watched the impact of his medical condition, said the same thing. The Administrative Law Judge erred in rejecting their opinions and testimony. Under the recent case of *Garrett v. Colvin, supra* (decided after the administrative decision here), the Court is to remand solely for a calculation of benefits if three conditions are true: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. These three conditions are met here. Therefore, the Court reverses the decision, and remands the matter to the Commissioner solely for the calculation of benefits.

IT IS SO ORDERED.

DATED: October 15, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE